72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry DALE, Petitioner-Appellant,
v.
Ronald CHAMPION, Respondent-Appellee.
 No. 95-5066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Larry Dale's application for a certificate of probable cause and motion to be allowed to proceed on appeal in forma pauperis. The right of a petitioner convicted of a state crime to appeal a federal district court's denial of habeas corpus relief is conditioned upon either the district court or this court granting a certificate of probable cause. See 28 U.S.C. 2253.
 
 
 2
 The Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." We will not grant such a certificate unless the petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir.1994) (citing Barefoot, 463 U.S. at 893 & n. 4).
 
 
 3
 Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. 2254, alleging incompetency of counsel because his counsel did not raise in his direct appeal four particular issues of alleged error. After being denied relief in the district court he has abandoned all these claims on appeal except those relating to his waiver of his right to a jury trial.
 
 
 4
 When the district court ordered respondent to supplement the record to show how petitioner waived his right to jury trial, the attorney general's office, representing respondent, filed its personal copy of the transcript of the hearing in which petitioner made his jury trial waiver. This transcript shows that not only did defense counsel make the waiver on behalf of petitioner, but that the court addressed petitioner directly. Among other things, the court told him that he had the right to trial by jury; that by waiving he would be giving up the right to have twelve citizens listen to the evidence and decide whether the state could prove beyond doubt each and every material allegation in the information filed against him; that the waiver would be giving up the only right he would have to have a jury determine the questions of fact and instead the judge would be making the decision. According to the transcript petitioner answered directly that he knew what he was giving up and still wanted to do it. After reviewing this transcript the district court denied relief.
 
 
 5
 On appeal petitioner does not argue that the transcript did not reflect the truth of what happened, only that it was not authenticated in the manner provided for proof of official documents under Fed.R.Civ.P. 44, and that even if properly admitted the transcript does not show that petitioner voluntarily and intelligently relinquished or abandoned his constitutional right to trial by jury, citing United States v. Robertson, 45 F.3d 1423 (10th Cir.1995). Petitioner's arguments misperceive the situations in which Rule 44 applies and confuse the requirements of a litany this court in Robertson imposed upon federal district courts taking waivers of jury trial in federal cases with the constitutional requirements by which we must judge the actions of state courts. The method by which the respondent complied with the court's order to supplement the record and the inquiries made by the state court judge in this instance clearly pass constitutional muster.
 
 
 6
 The district court in its order of October 25, 1994, correctly analyzed the facts and law. We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of probable cause. Therefore, we deny his application and DISMISS the appeal.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470